

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN - 3 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| BAXA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-05CV-2274-D |
| | § | |
| FORHEALTH TECHNOLOGIES, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF FORHEALTH TECHNOLOGIES,
INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant ForHealth Technologies, Inc. ("ForHealth"), by its attorneys, answers the

Complaint of plaintiff Baxa Corporation ("Baxa") as follows:

## JURISDICTION AND VENUE

1.      ForHealth denies the allegations set forth in paragraph 1, except ForHealth admits that

plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331

and 1338, asserts that this action arises under the patent laws of the United States, and

that venue is proper but "inconvenient" in this district under 28 U.S.C. §§ 1391 and

1400(b).

## PARTIES

2.      ForHealth denies having knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 2.

3.  ForHealth denies the allegations set forth in paragraph 3, except ForHealth admits that its principal place of business is 790 Fentress Boulevard, Daytona Beach, Florida 32114 and that it is a Delaware corporation.

## THE PATENTS

4.  In response to paragraph 4, ForHealth incorporates the responses to paragraphs 1-3 as if fully set forth in this paragraph.

5.  ForHealth denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, except ForHealth admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,957,522 B2 (the "'522 patent") and that on its face, the '522 patent lists Baxa as the assignee.

6.  ForHealth denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, except ForHealth admits that Exhibit B to the Complaint purports to be a copy of United States Patent No. 6,915,619 B2 (the "'619 patent") and that on its face, the '619 patent lists Baxa as the assignee.

7.  ForHealth denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, except ForHealth admits that Exhibit C to the Complaint purports to be a copy of United States Patent No. 6,813,868 B2 (the "'868 patent") and that on its face, the '868 patent lists Baxa as the assignee.

## COUNT ONE
### Infringement of U.S. Patent No. 6,957,522 B2

8.  In response to paragraph 8, ForHealth incorporates the responses to paragraphs 1-7 as if fully set forth in this paragraph.

9.  ForHealth denies the allegations as set forth in paragraph 9.

10. ForHealth denies the allegations as set forth in paragraph 10.

11. ForHealth denies the allegations as set forth in paragraph 11.

## COUNT TWO
### Infringement of U.S. Patent No. 6,915,619 B2

12. In response to paragraph 12, ForHealth incorporates the responses to paragraphs 1-11 as if fully set forth in this paragraph.

13. ForHealth denies the allegations as set forth in paragraph 13.

14. ForHealth denies the allegations as set forth in paragraph 14.

15. ForHealth denies the allegations as set forth in paragraph 15.

## COUNT THREE
### Infringement of U.S. Patent No. 6,813,868 B2

16. In response to paragraph 16, ForHealth incorporates the responses to paragraphs 1-15 as if fully set forth in this paragraph.

17. ForHealth denies the allegations as set forth in paragraph 17.

18. ForHealth denies the allegations as set forth in paragraph 18.

19. ForHealth denies the allegations as set forth in paragraph 19.

## FIRST AFFIRMATIVE DEFENSE
### Noninfringement

ForHealth does not willfully infringe the '522, '619, or '868 patents.

## SECOND AFFIRMATIVE DEFENSE
### Invalidity

The '522, '619, and '868 patents are invalid for failure to comply with one or more of the

provisions of Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102,

103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### Unenforceability

ForHealth incorporates the allegations set forth in its Counterclaim, Count III, *infra*, as if fully

set forth in this paragraph.  The '868 patent is unenforceable due to inequitable conduct.  The

'619 and '522 patents are unenforceable under the doctrine of infectious unenforceability.

**WHEREFORE**, ForHealth demands judgment dismissing plaintiff's Complaint in its

entirety and awarding its attorneys' fees, cost of suit, and such other relief as the Court deems

appropriate and just.

## COUNTERCLAIMS

Defendant and counterclaim plaintiff ForHealth Technologies, Inc. ("ForHealth")

counterclaims against plaintiff and counterclaim defendant Baxa Corporation ("Baxa") as

follows:

1.      This is an action for declaratory judgment based on the existence of a continuing and

justiciable case or actual controversy between ForHealth and Baxa with respect to the

invalidity, noninfringement, and unenforceability of United States Patent Nos. 6,957,522

B2 (the "'522 patent"), 6,915,619 B2 (the "'619 patent"), and 6,813,868 (the "'868

patent") (collectively "the patents-in-suit") as evidenced by Baxa's assertion of its claims in the Complaint.

## THE PARTIES

2.    ForHealth is a Delaware corporation with its principal place of business at 790 Fentress Boulevard, Daytona Beach, Florida 32114.

3.    On information and belief, Baxa is a Colorado corporation with its principal place of business at 14445 Grasslands Drive, Englewood, Colorado 80112.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Counterclaims One through Three under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. §§ 2201 *et seq.* as a declaratory judgment action for patent invalidity, noninfringement, and unenforceability arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5.    Baxa subjected itself to the jurisdiction of this Court for purposes of these counterclaims by virtue of bringing its Complaint against ForHealth in this Court.

6.    Venue is proper for these counterclaims under 28 U.S.C. § 1391(b)-(c) and 1400(b).

## COUNT I
### Declaratory Judgment of Invalidity

7.    ForHealth incorporates the allegations of paragraphs 1-6 as if fully set forth in this paragraph.

8.    The '868, '619, and '522 patents are invalid for failing to satisfy one or more of the conditions for patentability set forth in Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT II
### Declaratory Judgment of Non-Infringement

9.  ForHealth incorporates the allegations of paragraphs 1-8 as if fully set forth in this

paragraph.

10. ForHealth does not willfully infringe the '868, '619, and '522 patents.

## COUNT III
### Declaratory Judgment of Unenforceability Due to
### Inequitable Conduct

11. ForHealth incorporates the allegations of paragraphs 1-10 as if fully set forth in this

paragraph.

12. On August 10, 2001, Baxa filed U. S. Patent Application Serial No. 09/928,007 ("the

'007 application") which claims priority to U. S. Provisional Application Serial No.

60/224,136, filed August 10, 2000.  On December 3, 2003, Baxa filed U. S. Patent

Application Serial Nos. 10/727,142 ("the '142 application") and 10/727,097 ("the '097

application").  The '142 and '097 applications are continuations of the '007 application.

The '142 and '097 applications issued as the '619 and '522 patents respectively.  The

patents-in-suit list Baxa as the assignee.

13. On April 8, 2004, the PTO mailed a Notice of Allowance for the '007 application.  On

May 10, 2004, the PTO recorded the Issue Fee Payment for the '007 application.  On

November 9, 2004, the '007 application issued as the '868 patent.

14. On filing the '007, '142, and '097 applications and continuing until they issued as

patents, Baxa had an uncompromising duty of candor and good faith in dealing with the

United States Patent and Trademark Office ("PTO") and a duty to disclose to the PTO all

information known to Baxa to be material to patentability.  The '868, '619, and '522

patent inventors and Baxa's attorney, Mr. Thomas Marsh, who prosecuted the '007, '142, and '097 applications, had this duty to disclose.

15. On July 14, 2004, before the '868 patent issued, during royalty negotiations with Jeff Baldwin, President of Baxa, ForHealth provided Baxa with two material prior art references: United States Patent Nos. 4,674,652 ("the Aten patent") and 5,356,393 ("the Haber patent"). These references were not previously submitted to the PTO during the prosecution of any of the patents-in-suit.

16. During the July 14, 2004 meeting, ForHealth provided Baxa with a document explaining the pertinence of the Aten and Haber references to Baxa's allowed patent application, which was the '007 application.

17. On July 30, 2004, Baxa submitted to the PTO the Aten and Haber patent references for the '142 and '097 continuation applications, but did not submit these patent references for the '007 parent application.

18. Baxa never submitted the Aten and Haber patent references during prosecution of the '007 application.

19. Jeff Baldwin wrote to ForHealth an e-mail dated August 31, 2004 that stated, in part:

> Just to follow up on our discussions when you and Rod were here, we have not yet received our first patent. Our attorney believes we will be getting another couple in Q1 next year. In discussing this with Brian and Greg, we feel that we will all be in a better position to discuss possible royalties at that point.

20. On information and belief, Mr. Marsh advised Baxa on the pending issuance of the allowed '007 application and its obvious implications on future royalty negotiations with ForHealth if such issuance was delayed. On information and belief, Baxa and others acting on behalf of Baxa intentionally withheld the Aten and Haber patent references from the Patent Examiner of the '007 application with the intent to deceive and / or

mislead the Examiner into allowing the '868 patent to issue as soon as possible in view of possible royalty agreements with ForHealth.

21. The disclosures of the Aten and Haber patent references contradict the rationale expressed by the Examiner in his stated reasons for allowing the claims. The Aten patent discloses containers, capped and filled with medication, that can be affixed to a strip, or fitted within spaces formed in the strip in a bandolier-like construction. The Haber patent discloses a bandolier of syringes formed using fasteners. The syringes can be shipped filled with an injectant (*e.g.,* medication). The Examiner's Reasons for Allowance, as stated on the Notice of Allowability that issued April 8, 2004, is in part as follows:

> It is the examiner's opinion that it would not be obvious nor would there be any reason to attach a capped and filled syringe body that is ready for use and/or transport to a flexible belt for the purpose of further handling.

22. The Examiner's Reasons for Allowance demonstrate that the Examiner reasonably would have considered the Aten and Haber patent references important in deciding whether to allow the claims of the '007 application to issue as a patent. Moreover, the claims of the '619 and '522 patents ('142 and '097 patent applications, respectively) relate directly to the disclosures of the Aten and Haber patent references.

23. On information and belief, Baxa's intentional omission of the Aten and Haber patent references during the prosecution of the '007 application was done with the intent to mislead and /or induce the PTO to allow the '007 application to issue as a patent and, as such, constitutes violation of 37 C.F.R. 1.56 *et al.* and the PTO Duty of Disclosure, and intentional acts of inequitable conduct before the PTO. Accordingly, each and every claim of the '868 patent is unenforceable. In addition, each and every claim of the '619 and '522 patents is unenforceable due under the doctrine of infectious unenforceability.

## PRAYER FOR RELIEF

**WHEREFORE**, ForHealth prays for a judgment:

    (a)    Declaring that the '868, '619, and '522 patents are invalid;

    (b)    Declaring that ForHealth does not infringe, contribute to the infringement or induce infringement of the '868, '619, and '522 patents;

    (c)    Declaring that the '868, '619, and '522 patents are unenforceable due to inequitable conduct;

    (d)    Declaring that this case is exceptional under 35 U.S.C § 285 and awarding ForHealth its attorneys' fees;

    (e)    Awarding ForHealth its costs, disbursements, and interest;

    (f)    Awarding ForHealth such further relief as this Court may deem just and equitable.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ForHealth demands a trial by jury on all matters to which it is entitled by right of law.

Respectfully submitted,

Dated: January __3__ , 2006

_____
William Frank Carroll
State Bar No. 03892500
WINSTEAD SECHREST & MINICK, P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.745.5106 Phone
214.745.5390 Fax

Of Counsel

Steven E. Lipman
David Leason
James E. Hanft
Y. Jae Kim

Darby & Darby, P.C.
805 Third Ave.
New York, NY 10022-7513
212.527.7700 Phone
212.527.7701 Fax

Attorneys for ForHealth Technologies, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document entitled Defendant and

Counterclaim Plaintiff ForHealth Technologies, Inc.'s Answer, Affirmative Defenses, and

Counterclaims was served upon all attorneys of record pursuant to Fed. R. Civ. P. 5 on this 3rd

day of January, 2006.

_____
William Frank Carroll