UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BAXA CORPORATION,
            Plaintiff-Counter Defendant,

-vs-                                                    Case No. 6:06-cv-0353-Orl-19JGG

FORHEALTH TECHNOLOGIES, INC.,
            Defendant-Counter Plaintiff.
_____

# ORDER

This case comes before the Court on the following:

1.      Renewed Motion To Stay Pending Completion Of Patent Reexamination
        Incorporated Memorandum Of Law And Request For Oral Argument of
        Defendant-Counter Plaintiff ForHealth Technologies, Inc. (Doc. No. 34, filed
        April 5, 2006);

2.      Response In Opposition To Defendant's Renewed Motion To Stay Pending
        Completion Of Patent Reexamination of Plaintiff-Counter Defendant Baxa
        Corporation (Doc. No. 46, filed April 18, 2006); and

3.      Joint Motion for Case Management Conference (Doc. No. 52, filed May 4, 2006).

**Background**

Plaintiff-Counter Defendant Baxa Corporation ("Baxa") brought this action against
Defendant-Counter Plaintiff ForHealth Technologies, Inc. ("ForHealth") for alleged
infringement of the forty method claims of United States Patent No. 6,976,349 ("the '349
Patent"), the twenty-one method claims of United States Patent No. 6,957,522 ("the '522
Patent"), the twenty-six method claims of United States Patent No. 6,915,619 ("the '619 Patent"),

and the thirty-six apparatus claims of United States Patent No. 6,813,868 ("the '868 Patent") (together the "patents-in-suit"). (Doc. No. 38, ¶¶ 5-24). The patents-in-suit are now the subject of *ex parte* reexamination before the United States Patent and Trademark Office (the "Patent Office"),[1] and ForHealth requests that the Court stay these proceedings until the completion of the Patent Office's administrative proceedings. (Doc. No. 34).

## Analysis

The question before the Court is whether this action, which has been brought by the patent holder against a competing manufacturer of medical devices, should be stayed pending the Patent Office's reexamination of the patents-in-suit.

"Congress enacted the [the Patent Office's] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which . . . should be deferred to by the courts." *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290 (W.D. Okla. 1982). The "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [Patent Office] (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). While early versions of the reexamination statute provided for the stay of court proceedings, those provisions were removed from the final bill because Congress understood "such power already resides with the Court to prevent costly

---

[1] The '868 Patent is at issue in Reexamination Application No. 90/007,816. The '619 Patent is at issue in Reexamination Application No. 90/007,817. The '522 Patent is at issue in Reexamination Application No. 90/007,817. The '349 Patent is at issue in Reexamination Application No. 90/007,912. The Court takes judicial notice of the contents of the Patent Office's electronic file wrappers corresponding to the reexaminations of the patents-in-suit. FED. R. EVID. 201(c).

pretrial maneuvering which attempts to circumvent the reexamination procedure." *Id.* (quoting H.R. Rep. No. 96-1307(I), 1980 U.S.C.C.A.N. 6460, 6463). Accordingly, the decision to grant a motion to stay proceedings pending the outcome of a reexamination proceeding rests with the sound discretion of the Court. *Id.* at 1341.

When considering such a stay, courts consider several factors, including (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues and streamline the trial, (3) whether a stay will reduce the burden of litigation on the parties and on the court. *TAP Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319 (N.D. Ill. 2004); *ASCII Corp. v. STD Entm't*, 844 F. Supp. 1378, 1381 (N.D. Cal.1994). Among the many court opinions discussing this topic, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [the Patent Office's] reexamination . . . proceedings." *ASCII Corp.*, 844 F. Supp. at 1381.

***Undue Prejudice or Tactical Disadvantage.*** ForHealth argues that any prejudice experienced by Baxa as the result of a stay can be compensated by money damages and that, in any case, there can be no undue prejudice because these proceedings are in their early stages. (*See* Doc. No. 34, pp. 12-13). In response, Baxa contends that a stay would be unduly prejudicial because its market share and sales would possibly decline as ForHealth continues to sell its allegedly infringing devices. (*See* Doc. No. 46, pp. 8-9). Moreover, Baxa asserts that ForHealth has engaged in a series of dilatory tactics by not immediately filing for a reexamination and, instead, waiting until this action was filed before seeking reexamination of the patents-in-suit. (*See id.* at 10-13).

This case is in its early stages.  It has just been transferred to this Court from the Eastern District of Texas, and as the parties have not yet submitted a Case Management Report as required by Local Rule 3.05 and the Order of the Court at Docket Number 27, it has not been placed on the trial calendar. Moreover, neither party has engaged in a significant amount of discovery.[2] Taken together, these facts weigh in favor of granting a stay. *See KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 W.L. 708661, *2 (N.D. Cal. 2006); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022 (N.D. Cal. 1995). Baxa's market share argument does not militate against this combination of facts and, indeed, is entitled to little weight.  First, although Baxa produces documents purporting to show ForHealth's intent to sell a number of allegedly infringing devices, Baxa's suggestion that ForHealth is tactically building business to Baxa's determent is balanced by the cloud of uncertainty that this action casts over ForHealth's business transactions. In addition, Baxa does not provide the context of these sales, such as the size of the market, which is necessary for the Court to evaluate the impact that those proposed sales will have on Baxa's business. Further, whether in litigation before the Court or in an *ex parte* proceeding before the Patent Office, Baxa would be confronted with this very same concern. While monetary relief is often the sole remedy for past infringement and while market effects may never be fully compensable with money, Baxa has not requested a preliminary injunction in this action, although that remedy would preserve its interests against infringement

---

[2] On March 28, 2006, the Court issued a Related Case Order and Track Two Notice to the parties in this case. (Doc. No. 27). In that Order, the Court directed the parties to meet for the purpose of preparing and filing a Case Management Report. (*Id.*). The Court also informed the parties that they "may not seek discovery from any source before the meeting." (*Id.*). The parties have not filed a Case Management Report, and accordingly, it is unclear from this record whether the parties should have begun discovery at all in this matter.

-4-

which may exert market effects during the course of litigation. *Cf. Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985) (discussing, in the context of a preliminary injunction, the usefulness of injunctive relief as a prospective remedy that offsets the market effects of patent infringement).

Baxa's argument that ForHealth has engaged in a series of dilatory tactics is also given little weight. A party that has sought the protection afforded under the Patent Act has little room to complain when another party avails itself of protections provided by that very same statutory framework. *KLA-Tencor Corp.*, 2006 W.L. 708661, *2 (quoting *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 W.L. 21105073, *2 (D. Del. 2003)). There is no evidence of dilatory tactics here, where ForHealth waited until after Baxa "pulled the trigger" by filing an infringement lawsuit before it sought the reexamination of the patents-in-suit. Furthermore, there is nothing untoward in ForHealth's conduct leading to its requests for reexamination. The reexamination statute does not place a duty on an accused infringer to bring every dispute before the Patent Office at the earliest opportunity. *See* 35 U.S.C. § 302. Instead, it provides that "[a]ny person" may "at any time" file a request for *ex parte* reexamination. *See id.*; *Gould*, 705 F.2d at 1342. An accused infringer need not tip its hand in pre-suit negotiations with a patentee, and the ForHealth's decision not to do so does not evince a dilatory motive.

Accordingly, Baxa will not be unduly prejudiced or tactically disadvantaged beyond the delay implicit in the reexamination process if the Court were to grant a stay.

***Simplify the Issues and Streamline the Trial.*** ForHealth avers that staying this action is preferable as the pending reexaminations may render some of the asserted claims moot, and in the very least, the administrative process should serve to focus and simplify the issues for trial.

(Doc. No. 34, pp. 14-16). Baxa alleges, on the other hand, that not all of the patent claims have been challenged in the reexaminations, and on the merits none of the references cited in the ForHealth's requests for reexamination raises a "substantial question of patentability." (Doc. No. 46, pp. 13-15).

The allegations of the Amended Complaint assert that each and every one of the 123 claims of the patents-in-suit are infringed by the ForHealth's medical devices. (Doc. No. 38). For each patent, the Patent Office determined that ForHealth had raised a substantial question of patentability which warranted reexamination of each and every one of the 123 asserted claims.[3] The Court will not substitute its judgment as to what is or is not a "substantial question of patentability" for that of the administrative agency designated by Congress to consider these matters, and Baxa's request that the Court do so is not well taken.

Many courts have concluded that a reexamination proceeding before the Patent Office is likely to significantly impact the issues that must be resolved during litigation. *KLA-Tencor Corp.*, 2006 W.L. 708661, *4. In the reexaminations at issue here, the Patent Office has decided to investigate the significance of the same prior art documents that ForHealth is likely to use to challenge the validity of the patents-in-suit at trial. Consequently, there is a significant probability that a good portion of the proceedings before this Court and the Patent Office will overlap. Therefore, a stay pending the reexamination of the patents-in-suit will conserve judicial

---

[3] The Court has considered each of the Patent Office's Orders Granting Ex Parte Reexamination and notes that the Patent Office granted review of every claim of the '868 Patent, although it found that a substantial question of patentability was raised against only claims 1-15 and 28 of the '868 Patent.

resources by reducing parallel proceedings before the Court and the Patent Office. *See In re Bingo Card Minder Corp.*, 1998 W.L. 130514, *1 (Fed. Cir. 1998).

Additionally, the pending reexaminations will potentially narrow the issues by canceling claims, and even if the claims are not canceled, the opinion of the Patent Office will assist the Court's evaluation of the scope of the claim language. *Id.* The reexamination proceedings may serve to simplify discovery problems relating to the asserted prior art or prompt Baxa to focus its claims of infringement. *See id.*

Consequently, a stay will potentially simplify the issues and streamline the trial.

**Reduce the Burden of Litigation.**  The Patent Office may address only a narrow range of issues in reexamination proceedings. *See, e.g.*, *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). Where only one of many issues before the Court is addressed in the reexamination proceedings, a stay may not be warranted, as it would not preserve the resources of the parties or the Court. *See IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032-33 (C.D. Cal. 2005). ForHealth alleges that the '868 Patent is unenforceable due to inequitable conduct and that the remainder of the patents-in-suit are unenforceable under the doctrine of infectious unenforceability. (*See* Doc. No. 3). Its counterclaim will not be addressed during the reexamination proceedings, and the Court must decide whether a stay would still reduce the overall burden of litigation.

After careful consideration, the Court finds that the allegations of inequitable conduct are more prudently addressed after the Patent Office has conducted its reexamination proceedings. The Federal Circuit has repeatedly stressed that a court considering a charge of inequitable conduct must undertake an analysis which carefully balances the materiality of the

misrepresentation with the patent applicant's intent to deceive the Patent Office. *See, e.g.*, *Purdue Pharma L.P. v. Endo Pharm., Inc.*, 438 F.3d 1123, 1128-29 (Fed. Cir. 2006). This analysis requires a detailed consideration of all of the facts of the case and of all the equitable factors before the Court. *Id.*  It is plain that, although the reexamination proceedings will not directly address the inequitable conduct issue, the proceedings before the Patent Office are likely to affect the factual basis underpinning the inequitable conduct analysis or shed new light on those facts. Moreover, the claim of inequitable conduct may be a small portion of the issues raised at trial, if it survives a summary judgment motion, whereas the validity issues raised by the prior art will form the majority of questions before the Court apart from infringement. Accordingly, the presence of the counterclaim does not diminish the significant overlap that will likely occur should these proceedings move forward simultaneously with the reexamination by the Patent Office. A stay in this action, therefore, would potentially reduce the burden of litigation on the parties and the Court.

**Conclusion**

Based on the foregoing, the Court **GRANTS** the Motion for Stay of Defendant-Counter Plaintiff ForHealth Technologies, Inc. (Doc. No. 36) and **DENIES** the request for oral argument. The Court **DENIES AS MOOT** the Joint Motion for Case Management Conference. (Doc. No. 52). The parties shall file status reports with the Court every ninety (90) days advising the Court of the status of the proceedings before the Patent Office and what, if any, further relief is requested in this forum.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May _5___, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record